UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL PARKER,

    Plaintiff,

v.                                                       Case No. 20-cv-97-pp

CO APEL, CO KUEHL,
TAMRA WOLLIN, and
SHIRLY GODIWALLA,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 54)**

On May 31, 2022, the court granted the defendants' unopposed motions for summary judgment and dismissed the case. Dkt. No. 52. The court considered the motions unopposed because the court did not receive from the plaintiff responses in opposition to the defendants' motions, even though the court granted him extensions of time to file them. Id. at 1. Almost a month after the court dismissed the case, the court received from the plaintiff a motion for reconsideration of the order dismissing his case. Dkt. No. 54. Defendants Apel and Kuehl oppose the motion. Dkt. No. 55. The court will deny the plaintiff's motion.

**I.    Relevant Background**

The court thoroughly explained the procedural background of this case in the order granting the defendants' motions for summary judgment. Dkt. No. 52 at

1

1–5. The court will not reproduce that full background here; it provides facts relevant to the plaintiff's motion to reconsider.

The plaintiff filed his complaint on January 21, 2020. Dkt. No. 1. On October 28, 2020, the court screened the complaint and allowed the plaintiff to proceed on claims of deliberate indifference. Dkt. No. 8. On December 29, 2020, a magistrate judge entered a scheduling order setting a discovery deadline of May 28, 2021, and a June 28, 2021 deadline for filing dispositive motions. Dkt. No. 25. The parties did not file any motions until April 23, 2021, when the plaintiff requested additional time to conduct discovery. Dkt. No. 27. The court granted that motion, extended the discovery deadline to July 27, 2021 and extended the deadline for dispositive motions to August 27, 2021. Dkt. No. 28. The plaintiff did not request another extension of those deadlines.

On the August 27, 2021 summary judgment deadline, the defendants separately moved for summary judgment. Dkt. Nos. 29, 36. The court ordered the plaintiff to respond to the defendants' motions and their proposed findings of fact within thirty days—by September 27, 2021. Dkt. No. 41. On September 15, 2021, the court received from the plaintiff a request for additional time to respond to the motions. Dkt. No. 42. The court granted the motion and ordered the plaintiff to respond by October 27, 2021. Dkt. No. 43. The court sent that order to the address the plaintiff had provided, but it was returned to the court as undeliverable. Dkt. No. 45.

On September 30, 2021, the court received another request from the plaintiff for an extension of time to respond to the defendants' motions. Dkt. No. 46. He noted that he had been sentenced in his criminal case and was being held

2
Case 2:20-cv-00097-PP   Filed 10/03/22   Page 2 of 11   Document 57

at the Kenosha County Jail. Id. at 1. He asked for additional time to get his papers together, review them and compose his responses. Id. He stated that he had "no control of [his] moving issues" and asked that the case "be placed on hold while [he is] being transfer[r]ed by the feds." Id. at 2. The court did not put the case "on hold," but on October 4, 2021, it granted the plaintiff's request for more time and ordered him to file his responses to the defendants' motions by the end of the day on November 29, 2021. Dkt. No. 47. The court mailed that order to him at the Kenosha County Jail, where he said he was being held. Id. The court also re-sent the previous order granting the plaintiff's first request for an extension of time. Dkt. No. 45. Neither of those orders were returned to the court as undeliverable.

The November 29, 2021 deadline passed, and the court did not receive the plaintiff's response to the defendants' motions or to their proposed findings of fact. Nor did it receive a letter from the plaintiff providing any reason why he could not respond to the motions. Although the plaintiff had not notified the court of a new address, the court found out on its own that he was in federal custody at FCI Milan in Milan, Michigan. Dkt. No. 52 at 3–4 (citing https://www.bop.gov/inmateloc/ (BOP Register #17031-089)). The docket for the plaintiff's federal criminal case also suggested that he had been taken into federal custody and was incarcerated at FCI Milan. Id. (citing Case No. 19-cr-120).

The court explained that it had twice advised the plaintiff of his obligations to notify the court when he was moved to a different facility and to provide his new address, yet he twice failed to do that—first after he was moved to the Kenosha County Jail and again when he was taken into federal custody. Id. at 4–

3

5 (citing Dkt. No. 8 at 12–13; Dkt. No. 25 at ¶4). The court concluded "that the plaintiff was aware of his obligation to notify this court of his location and to update his address when he was transferred to a new facility. The plaintiff failed to meet that obligation and has not provided his current address." Id. at 5. As the court twice told the plaintiff it would, the court considered the defendants' proposed facts undisputed for purposes of their summary judgment motions. Id. Based on those undisputed facts, the court concluded that the defendants were entitled to judgment as a matter of law on the plaintiff's claims of deliberate indifference. Id. at 14–20.

The court entered judgment dismissing the case on May 31, 2022. Dkt. No. 53. The court mailed a copy of the order dismissing the case and the judgment to the plaintiff at FCI Milan. Dkt. Nos. 52, 53. They were not returned to the court as undeliverable. The court received nothing from the plaintiff between his September 30, 2021 motion for an extension of time and June 28, 2022, when it received his motion for reconsideration. Dkt. No. 54.

## II.   The Plaintiff's Motion

The plaintiff says he "received this motion on June 6, 2022." Id. at 2. The court assumes the plaintiff means he received the court's order and the judgment on June 6, 2022. The court knows the plaintiff received the defendants' motions for summary judgment many months ago, and well before his deadline to respond, because he filed two motions to extend his time to respond to those motions. Dkt. Nos. 42, 46.

The plaintiff lists several "objections" to the court's previous orders. Dkt. No. 54 at 2. The plaintiff first "objects" to the court's refusal to stay the case (Dkt.

4

No. 47), which he asked for in his second request for an extension of time to respond to the defendants' summary judgment motions (Dkt. No. 46). Id. at 2–3. He asserts that the defendants did not produce evidence he needed to litigate this case, which could have been "rectified during the civil process and by Order." Id. at 3. He insists that his use of "the request/grievance process can show the due diligence factor on Plaintiff's part in obtaining these documents, a history of denial or ignoring the documented grievance process." Id. at 3. He says his "due diligence[] supports the request of this Court in why an Order to produce evidence is warranted."[1] Id. at 3–4. The plaintiff says that granting him a stay of the proceedings would have allowed him "the opportunity to fulfill the proper steps in grieving his complaint fully to the procedures required from the facility in question." Id. at 5. He asserts that the court could have granted him a stay even after he was transferred into federal custody, which would have removed the "looming deadline." Id.

    The plaintiff says he experienced "legitamate [*sic*] challenges . . . as a pro se prisoner, [which] made complying difficult and complicated, absent time or location updates." Id. at 6. He says "the facility" (he does not specify which facility) "kept 'ALL' of his belongings and material possessions, e.g.; the entirety of his legal files, research, notes, and accompan[y]ing documentation." Id. at 7. He asserts that staff at "the facility" said they would ship it to him but that his

---

[1] As noted, the plaintiff did not file a motion to compel production of discovery during the discovery phase of litigation, nor did he ever suggest that the defendants were not providing him relevant discovery or information.

receipt could be delayed because of the ongoing COVID-19 pandemic. Id. at 7–8. The plaintiff says he still has not received his legal materials. Id. at 8.

The plaintiff next says he waited to "see's [*sic*] if the Court was able to determine where he was located." Id. He says he planned to inform the court of his new address, but he "had no address to the Court, the facility in question, or any documentation reminding him what should be done and when by." Id. at 8–9.

The plaintiff concludes by asserting that the court improperly decided the defendants' motions on the merits because there is a genuine dispute of fact. Id. at 11–12. He says he "has the proven documentation that the jail management system did in fact have [him] approved for a second mattress. And that the officer's did not follow proper jail procedures and policies in how to execute the steps in protoc[o]l when this particular type of situation occurs." Id. He says he can prove this "by the email/letter that was fashioned together by the acting Lt. the following day." Id. at 12. The plaintiff asks that the court "act in an abundance of caution and allow a reconsideration to be granted" so he can provide "fact evidence that tangibly exists that was in [his] property and can be reobtained through the appropriate channels, directions, and orders of this process and Court that would prove the very elements needed in this Civil litigation." Id. at 12–13.

### III. Analysis and Conclusions

The plaintiff has not identified a statute or rule that provides the court with the authority to address his motion to reconsider. The plaintiff cites Federal Rule of Civil Procedure 72(a), which contains language noting that parties "may serve and file objections to [an] order within 14 days after being served with a copy."

6

Fed. R. Civ. P. 72(a). But that rule relates to non-dispositive matters that have been referred to a magistrate judge for decision. He cites 28 U.S.C. §636(b)(1)(a), which also concerns the jurisdiction and power of magistrate judges. Neither Rule 72 nor §636 apply to this case because it is assigned to the chief district judge and is not referred to a magistrate judge.

Nothing in the Federal Rules of Civil Procedure provides for a "motion for reconsideration." But under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. Because the plaintiff filed his motion within that period, the court construes his motion as if brought under Rule 59(e). A court may grant a Rule 59(e) motion only if the moving party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001); and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Newly presented, but not new, evidence is not a proper ground for altering the judgment. See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment"). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'"

Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff's motion does not identify newly discovered evidence or suggest that the court committed a manifest error of law. It raises "objections" to the previous order and other facets of the litigation. The plaintiff first says he used the request or grievance process at one of the facilities where he is or was in custody to request information that the defendants were refusing to provide him. He says his use of those systems shows his "due diligence." Dkt. No. 54 at 2. The plaintiff did not, and still has not, provided any copies of documents showing requests or grievances he filed at any jail or prison seeking documents. Nor did he inform the court during the discovery process that he did not have information he needed to litigate his claims or that the defendants were not providing what he believed to be relevant information. His motion requesting additional time to conduct discovery relied only on his purported limited legal knowledge and resources. Dkt. No. 27. He did not say that the defendants were not providing him necessary information. The plaintiff is correct that a court order could have assisted him in obtaining information. But he never *asked* the court for an order compelling discovery. The court cannot correct a perceived problem with the litigation if the aggrieved party never notifies the court of the problem.

The plaintiff also complains that the court should have granted his request for a stay. But again, the fault for this unresolved issue (if there indeed was one) falls on the plaintiff. The plaintiff vaguely requested a stay in his second motion for an extension of time to respond to the defendants' motions for summary judgment because he expected to be transferred into federal custody. Dkt. No. 46.

But he failed to notify the court once he *was* transferred into federal custody (or of his transfer to the Kenosha County Jail, which occurred first). The court denied his request for a stay but gave the plaintiff nearly two additional months to respond to the defendants' motions. Dkt. No. 47. The plaintiff did not request a further extension or another stay of his deadline. He did not file anything after he arrived at FCI Milan. He did not contact the court for *nine months*—until after the court granted the defendants' motions and dismissed this case. The plaintiff's repeated failure to provide his address, explain his situation or request more time to litigate his case does not show due diligence on his part. It shows a repeated *failure* to litigate, which is the reason the court considered the defendants' motions unopposed. See Dkt. No. 41; Dkt. No. 52 at 4–5.

      The plaintiff suggests that representing himself caused difficulties that hindered his ability to fulfill his obligations. He says he has none of his legal materials at his current prison, and his property never was shipped to him after his transfer. That may be so; but again, the plaintiff never informed the court of those difficulties or asked the court to recruit counsel to assist him in this litigation. His three requests for extensions of time showed that he understood his pending obligations. His recourse if he could not meet those obligations was to request another extension of time before (or even after) the November 29, 2021 deadline for his response elapsed. He did not do that—not before the deadline, not after he was transferred to FCI Milan and not at any point in the following six months before the court entered judgment and dismissed the case.

      The plaintiff says that he did not inform the court of his litigation troubles because he did not have the court's address and could not write to the court. He

says he had no legal materials, and that no one would tell him where the court is located. It is impossible to believe that no one—not a staff member at FCI Milan, not a fellow incarcerated person, not even the plaintiff's own lawyer in his federal criminal case or appeal—would provide him the court's address so he could write a letter.[2] The plaintiff's motion also contains citations to statutes, federal rules and case law from multiple districts and circuits, including this court's Local Rules. Dkt. No. 54 at 2, 6–7, 9–11. That suggests he has access to a computer, or to legal materials, at FCI Milan. The plaintiff does not explain why he could not use this same computer to find the court's address on the court's website, by using a search engine or through the same legal resources where he obtained the legal authority he cites.

Finally, the plaintiff asserts that he has evidence that would show there exists a genuine dispute of fact material to his case. But he did not attach that purported evidence and has not cited to anything in the record. Even if he did, the time for the plaintiff to show a genuine dispute of material fact passed on November 29, 2021—his deadline to respond to the defendants' motions for summary judgment. A motion under Rule 59(e) does not allow a party to present evidence that he could have, and should have, presented earlier. See Bordelon,

---

[2] The plaintiff was represented at trial by private counsel, who filed a notice of appeal on his behalf on September 22, 2021. Case No. 19-cr-120, Dkt. No. 491. On October 14, 2021, the Court of Appeals granted counsel's motion to withdraw and appointed attorneys from the Federal Public Defender for the Central District of Illinois to represent him on appeal. Id., Dkt. No. 506; 7th Cir. Appeal No. 21-2739. New counsel filed motions for extensions of time on the plaintiff's behalf in January, February and March 2022, before moving to dismiss the appeal on April 4, 2022. 7th Cir. Appeal No. 21-2739, Dkt. Nos. 9, 11, 13, 15. The plaintiff does not explain why he could not obtain the court's address from his attorneys between September 2021 and May 2022.

233 F.3d at 529; Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). That is what the plaintiff is attempting to do. As the court explained in the previous order and reiterated above, the plaintiff failed to fulfill his obligations to diligently prosecute this case. He failed to respond to the defendants' motions for summary judgment and provide evidence showing a genuine dispute of material fact on the merits of his case. He did not respond at all and provided nothing to the court to challenge the defendants' evidence. He still has not provided evidence supporting the allegations in his complaint.

The plaintiff has not demonstrated that the court committed a manifest error of fact or law in its order dismissing the case. He gives no plausible excuse for his nine-month silence and no legitimate reason for the court to amend the judgment, reopen the case and give him even more time to obtain supposedly missing information and file a belated response to the defendants' motions for summary judgment. The plaintiff places the blame for his shortcomings on the defendants, prison staff and even the court. But this is his lawsuit, and he is responsible for diligently prosecuting it. That includes informing the court of his whereabouts and any difficulties he encounters during litigation. The plaintiff failed to fulfill those obligations and now seeks a do-over. He is not entitled to one.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 54.

Dated in Milwaukee, Wisconsin this 3rd day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**